IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KENNETH B. EATON, #L4298**                                                                 **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:06cv151DCB-MTP**

**T. THOMAS**                                                                                   **DEFENDANT**

## OPINION AND ORDER

On November 15, 2006, the Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On November 27, 2006, an order was entered directing the Plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order [doc. 3], page 5. The Plaintiff was warned in the court order of November 27, 2006, that his failure to timely comply with the requirements of the order would be deemed a purposeful delay and contumacious act by the Plaintiff and might result in this case being dismissed sua sponte, without further written notice. The Plaintiff failed to comply with the court's order of

November 27, 2006.

On January 26, 2007, the Plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with this court's November 27, 2006 order.  The Plaintiff was warned in the show cause order that if he did not comply with the court orders his case would be dismissed, without further written notice.  The Plaintiff failed to comply with the show cause order.

The Plaintiff has failed to comply with the two court orders.  It is apparent from the Plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.  This court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since November 15, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendant has never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide

that dismissal is without prejudice.  See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this opinion and order will be entered.

This the 7th day of  March, 2007.

S/DAVID BRAMLETTE  
UNITED STATES DISTRICT JUDGE
